IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV102-03-MU

| | |
|---|---|
| EUGENE LITTLE, | ) |
| Plaintiffs, | ) |
| v. | ) **O R D E R** |
| GLENN M. BULLOCK, et. al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint[1] under 42 U.S.C. § 1983, filed February 24, 2006. (Document No. 1.)

Plaintiff names thirty one defendants in his lawsuit. Plaintiff's main claim seems to be that the many grievances[2] he has filed have been rejected. Additionally, Plaintiff complains that many defendants have been unprofessional, unethical and unjust in their treatment of him. He complains that other staff members have been disrespectful, nasty and unhelpful. In addition to the many staff members named in this lawsuit, Plaintiff also sues all of the Inmate Grievance Examines because they "never see complaint[s] [his way and therefore] forced [him] to file this 1983 lawsuit".

## I. ANALYSIS

In order to state a civil rights claim under 42 U.S.C. § 1983 a plaintiff must allege that he

---

[1] In addition to Plaintiff's rambling Complaint, Plaintiff submits numerous attachments which consists mostly of copies of grievances.

[2] Plaintiff refers to at least ten grievances which he has filed complaining about many different staff members at the prison. The grievances to which Plaintiff refers include: 3510-05-0337; 3510-05-0386; 3510-05-0343; 3510-05-0460; 3510-05-0544; 3510-05-0555; 3510-05-0634; 3510-05-0542; 3510-05-0549 and 3510-05-0633.

1

sustained a deprivation of a right, privilege or immunity secured by the Constitution or federal law Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) by a person acting under color of state law. Inquiry of the federal courts into prison management is limited under § 1983 to whether particular system violates any constitutional provision. Outside this inquiry, prison administrators must be permitted to exercise wide discretion. Lewis v. Casey, 518 U.S. 343, 363 (1996).

**Defendant Glen Bullock**

Plaintiff alleges that Glen Bullock, Programs Supervisor at Brown Creek Correctional Institution, violated his rights by rejecting the grievances he filed and blocking his way to the Administrative review Process.

Plaintiff has failed to connect Defendant Bullock's action to a constitutional right. Defendant Bullock rejected Plaintiff's grievances for various reasons which are indicated by a coding system on the grievance. Plaintiff is clearly frustrated by the "system" however, frustration does not equal violation of a constitutional right. Therefore, Plaintiff's claim against Defendant Bollock is dismissed for failure to state a claim for relief.

**Defendant M. Turner**

Plaintiff alleges that M. Turner, his case manager, neglected to perform her duties in that she lied to Plaintiff and refused to place him in a GED program. Plaintiff further alleges that Defendant Turner was unprofessional, unethical and unjust toward the Plaintiff.

Once again, it is clear from Plaintiff's complaint that he feels let down and frustrated with the life in a prison system. However, an unprofessional attitude does not rise to the level of stating a constitutional claim. The claim against Defendant Turner is therefore dismissed for failing to state a claim for relief.

**Defendant Herb Jackson**

Plaintiff alleges that Herb Jackson, Superintendent of Brown Creek Correctional Institution, failed to answer a letter that he sent to him asking for help in re-writing his grievance.

From the attachments to Plaintiff's Complaint, it is clear that Mr. Jackson did respond several times to Plaintiff. Mr. Jackson responded that Plaintiff's grievance was not considered an emergency therefore it was forwarded to a Grievance Screening Officer. Defendant Jackson's failure to assist Plaintiff in re-writing his grievance does not state a claim for relief in a § 1983 as Defendant Jackson does not have a constitutional duty to assist the Plaintiff in this regard.

**Defendant Theodis Beck and Mr. Boyd Bennett**

Plaintiff alleges that he sent a copy of one of his grievance to Theodis Beck, Secretary of Prisons and that Mr. Beck did not take his grievance seriously,

There is no allegation in the Plaintiffs' compliant that Mr. Beck ever had any personal contact with the Plaintiff; therefore there can be no individual liability as to Defendant Beck. The claims against Mr. Beck therefore can only be construed as claims under a theory of supervisory liability. As an initial matter, the Court notes, that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Mr. Beck instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Mr. Beck. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Mr. Beck then is if Mr. Beck acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for

3

acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury.  Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Here, there is no allegation that Mr. Beck had knowledge of any "pervasive, unreasonable risk of harm".  Therefore, Plaintiff has failed to state a claim against Mr. Beck.

Plaintiff alleges that he sent Defendant Bennett a confidential grievance and when Defendant Bennett responded to his grievance he sent it to Plaintiff in an unsealed envelope.  Plaintiff contends that Mr. Bennett violated his rights by not sending the grievance back in a sealed envelope.  Once again, a § 1983 complaint must allege a deprivation of a right secured by the Constitution.  Plaintiff has not articulated a cognizable claim for relief against Defendant Bennett.  Therefore Plaintiff's claim against Defendant Bennett is dismissed for failure to state claim for relief.

**Defendants Welsh and Jane Doe**

Plaintiff alleges that Defendant Welsh, a nurse at Brown Creek Correctional Institution, had a negative attitude toward him and refused to orient him upon arrival at unit 3510.  One time she refused to give him his medicine.  A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm.  Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997).  Other than the one allegation as to Nurse Welsh refused to give Plaintiff his medicine Plaintiff does not mention Nurse Welsh or explain the circumstances surrounding her refusal to give him medicine.  Plaintiff has not articulated any facts which support

4

a claim that Nurse Welsh was deliberately indifferent to his medical needs. Therefore the claim against Defendant Welsh is dismissed fro failure to state a claim for relief.

Plaintiff also names Defendant Jane Doe in his lawsuit, however, never specifies what she did or did not do. Therefore, the claim against Defendant Jane Doe is dismissed for failure to state a claim for relief.

**Defendants Riggins, Little (female c/o)**, **Christon**, **and Gibson**

Plaintiff alleges that Defendant Riggins, a correctional officer, denied him the right to change his clothes and was unprofessional, unethical and unjust toward Plaintiff. Plaintiff alleges that Defendant Little refused to give her name to Plaintiff while stationed outside the medical unit. Plaintiff alleges that Defendant Christon covered her name tag when Plaintiff asked to see it and exhibited a nasty attitude toward Plaintiff. Plaintiff alleges that Defendant Gibson refused to give Plaintiff his name when he did not have a badge on displaying his name. Plaintiff also alleges that Defendant Gibson was unprofessional, unethical and unjust in his treatment of Plaintiff.

At most, Plaintiff's allegations amount or equate to verbal abuse. However, verbal abuse of inmates by guards, without more, states no claim. Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C.)., aff'd 917 F.2d 1302 (4th Cir. 1990). Therefore, Plaintiff's claims against these defendants are dismissed for failure to state a claim for relief.

**Defendants Rogers, Davis, Fisher**, **Mooney, Wright, Little (sergeant), Patterson, Little (c.o male), Murray and Brown**

As to all of the above named Defendants, Plaintiff alleges that they were unprofessional, unethical and unjust in their treatment of him. Plaintiff also alleges that Defendant Fisher was disrespectful to him as well. Plaintiff alleges that Defendant Little (c.o. male) refused to call the

5

sergeant at Plaintiff's request and Defendant Murray yelled at the Plaintiff and was disrespectful. Plaintiff alleges that Defendant Brown yelled at him and refused to let Plaintiff back out into the recreational yard.

While Defendants' disrespectful treatment of Plaintiff, if true, shows a lack of judgment, yelling does not rise to the level of a constitutional violation. Indeed, verbal abuse by guards, without more, states no claim. Morrison v. Martin, 755 F.Supp. 683, 687 (E.D.N.C.) aff'd, 917 F.2d 1302 (4th Cir. 1990). Therefore, Plaintiff's claims against these defendants are dismissed for failure to state a claim for relief.

**Defendants Miller, Blake and Bailey**

Although Plaintiff lists the above named Defendants in his lawsuit, there are no allegations which deal specifically with these names Defendants. Therefore, they are dismissed for failure to state a claim for relief.

**Defendants Edith Fultz, D. Mullis and Defendant Hunley**

Plaintiff alleges that the above named Defendants violated his constitutional rights to the Administrative Review Procedure ("ARP") but does not specify how they violated his rights. For this reason these Defendants are dismissed.

**Defendant Norris and Ratlift**

Plaintiff alleges that when Defendant Norris returned a rejected grievance to him he could not answer any of Plaintiff's questions regarding the grievance. Plaintiff also alleges that Defendant Norris And Defendant Ratlift slandered his name and were unprofessional, unethical and unjust toward the Plaintiff. Once again, Plaintiff's allegations fail to state a claim for relief against these defendants as they do not violate any constitutional provision and therefore they are dismissed.

**Defendant Dykis**

Plaintiff alleges that Defendant Dykis refused to allow him to read some papers before signing his signature to them and that he would not assist the Plaintiff with Department of Corrections policy. Plaintiff's allegations, even if completely true, fail to state a claim for relief as they do not violate any constitutional provision. Therefore the claims against Defendant Dykis are dismissed for failure to state a claim for relief.

**Inmate Grievance Examiners**

Plaintiff alleges that he named the Inmate Grievance Examiners in this lawsuit because they "never see a complain [his] way and [as a result they] force[d] [Plaintiff] to file this 1983 lawsuit". 215, 221 (4th Cir. 1999).

To be sure, a local governing body, such as counties, municipal corporations, and school boards are "persons" that can be sued directly under § 1983 when the alleged unconstitutional action executes governmental policy or custom. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Generally, the capacity of a governmental body to be sued in federal court is governed by state law. Fed.R.Civ.P. 17(b); Avery v. County of Burke, 660 F.2d 111, 113-14 (4th Cir. 1981). However, even if the Court were to construe the Inmate Grievance Examiners to be such a local governing body as outlined in Monell, the Plaintiff's complaint fails to point to any "policy or custom" which the board was acting under and therefore there can be no liability as to the Inmate Grievance Examiners. Moreover, even if Plaintiff had named each Inmate Grievance Examiner individually, Plaintiff has failed to state a claim for relief as to his claim that the Inmate Grievance Examiners "forced" him to file this lawsuit.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: March 8, 2006

Graham C. Mullen
United States District Judge